DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Jason Fleming appeals from his conviction in the Lorain County Court of Common Pleas. We affirm.
 I.
On April 23, 1996, the Lorain County Grand Jury indicted Fleming on one count of rape, in violation of R.C.2907.02(A)(1)(b). The offense was alleged to have occurred on February 13 or March 6, 1993. Fleming pleaded not guilty, and the matter was tried before a jury on December 8-10, 1997.
At trial, the victim, Elyse M., testified that her eleventh birthday was on February 14, 1993. One night after Elyse's birthday, Elyse's mother and Fleming's father went to a VFW steak fry together and left Fleming to baby-sit Elyse and a cousin of Elyse in the house of Elyse's mother. The three ate pizza, watched a video, and played "Truth or Dare" in the living room. After about four hours, the cousin fell asleep on a couch. Fleming then picked Elyse up and carried her into her bedroom, adjacent to the living room. Elyse testified that Fleming then unzipped her pants and pulled her pants and underwear down to her ankles, that he then unzipped his pants and removed his penis, that he placed his legs outside hers, and then penetrated her vaginally. She stated that after she felt him enter her, she kicked him. He then removed himself, zipped his pants again, and left the room. Elyse did not tell the cousin about what had happened. Her mother arrived a half hour to an hour later.
Elyse did not report the rape to anyone until late 1995. She told two friends at school, and later told a teacher at school. Elyse's mother did not learn about the incident until after being told by an administrator at Elyse's school.
Another witness for the state was the quartermaster of the VFW post where the steak fry took place. He testified that the only steak fries that took place in early 1993 were on February 13, March 6, March 20, and April 14, 1993. After the quartermaster's testimony, the state moved to amend the indictment to reflect all four dates as potential dates for the alleged offense. The trial court granted the motion over Fleming's objection.
Marsha Thompson, a pediatric nurse practitioner, also testified for the state. She testified that she examined Elyse in February 1996. The examination revealed a tear of the hymen in the seven o'clock position. Ms. Thompson testified that the tear was consistent with sexual abuse, but that she could not determine when the tear had occurred from the physical examination.
Fleming called several witnesses in his defense. One of the witnesses was Fleming's ex-wife. She attempted to testify as to Fleming's whereabouts on March 6, 1993. The prosecution objected, arguing that Fleming had not filed a notice of alibi as required by Crim.R. 12.1. Fleming's trial counsel argued that the testimony was for the purpose of impeaching the testimony of the state's witnesses, not as alibi testimony. The trial court excluded the testimony of Fleming's ex-wife, and any other potential witnesses, with regards to Fleming's whereabouts and activities on March 6, 1993.
After deliberating, the jury found Fleming guilty of rape. The trial court then sentenced him accordingly. This appeal followed.
 II.
Fleming asserts three assignments of error. We will address each in due course, discussing the second assignment of error first.
 Second Assignment of Error THE TRIAL COURT ABUSED ITS DISCRETION BY QUALIFYING A REGISTERED NURSE PRACTITIONER AS AN EXPERT TO GIVE EIVDENCE [sic] THAT CERTAIN INJURY WAS CAUSED BY SEX ABUSE.
In his second assignment of error, Fleming argues that the trial court improperly declared a witness to be an expert. As noted above, one of the state's witnesses was Marcia Thompson, a registered nurse and a pediatric nurse practitioner. Ms. Thompson testified that she had extensive experience in the area of the sexual abuse of children, and that she had been an expert in court proceedings more than twenty times. The state moved to have Ms. Thompson declared an expert, and the trial court granted the motion. Ms. Thompson went on to testify that a tear found in Elyse's hymen was consistent with sexual abuse. Fleming contends that it was improper to admit Ms. Thompson as an expert.
We first note that Fleming did not object to Ms. Thompson being declared an expert based on her credentials:
MR. CILLO [assistant prosecutor]: I would like to have her declared an expert. * * *
THE COURT: * * *
Do you wish to be heard, Attorney Nagy?
MR. NAGY [Fleming's trial counsel]: Well, not on herexpertise, but on the fact the exam was done some three years — almost three years after the event.
(Emphasis added.) Because no objection was presented below, we can only take notice of the error if it rises to the level of plain error. Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order for this court to apply Crim.R. 52(B), it must be clear that the outcome of the trial would have been different but for the alleged error. See State v. Lane (1995), 108 Ohio App.3d 477, 482.
We find no plain error; Ms. Thompson's testimony showed that she had extensive training and expertise in the field of the sexual abuse of children. Though her examination of Elyse was almost three years after the rape by Fleming, Ms. Thompson was able to help the jury by demonstrating the significance of the location of the tear in the hymen that might not otherwise be within the knowledge of a lay jury. Therefore, it was not error for the trial court to declare her an expert on the sexual abuse of children. See State v. Gibson (Sept. 24, 1997), Lorain App. No. 96CA006527, unreported, at 2-4. Fleming's second assignment of error is overruled.
 First Assignment of Error THE TRIAL COURT'S EXCLUSION OF DEFENDANT'S ALIBI EVIDENCE WAS AN ABUSE OF DISCRETION AND VIOLATED THE DEFENDANT'S RIGHT TO DUE PROCESS.
In his first assignment of error, Fleming argues the trial court improperly excluded the testimony of his ex-wife regarding his whereabouts on March 6, 1993. Fleming asserts that the testimony was not alibi evidence but rather impeached the testimony of the state's witnesses. He contends, alternatively, that the trial court abused its discretion by not allowing the testimony as alibi evidence. We disagree.
Crim.R. 12.1 states:
Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, he shall, not less than seven days before trial, file and serve upon the prosecuting attorney a notice in writing of his intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted.
Alibi testimony should not be excluded "where no prejudice would accrue to the prosecution, where there is a demonstrable and excusable showing of mere negligence, or where there is good cause shown." State v. Smith (1985),17 Ohio St.3d 98, paragraph two of the syllabus.
We review a trial court's decision to exclude alibi testimony under an abuse of discretion standard. See State v. Johnson (July 20, 1994), Lorain App. No. 93CA005627, unreported, at 3. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We conclude that the trial court did not abuse its discretion by excluding the alibi testimony of Fleming's ex-wife. The record clearly shows that the failure to file the notice of alibi was not negligent but intentional on the part of Fleming's trial counsel. The state made clear that it was unaware of this alibi testimony prior to trial. The trial court did not act with prejudice, partiality, or the like when it excluded the alibi testimony. Fleming's first assignment of error is overruled.
 Third Assignment of Error TRIAL COUNSEL'S FAILURE TO FILE A NOTICE OF ALIBI DEPRIVED THE DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
Fleming's third assignment of error relates to the first assignment of error. Fleming contends that the failure of his trial counsel to file a notice of alibi within the time frame required by Crim.R. 12.1 constituted ineffective assistance of counsel. We disagree.
A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. See McMann v.Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763, 773 fn.14. A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith, 17 Ohio St.3d at 100.
In Smith, the Ohio Supreme Court was presented with a scenario similar to the case at bar. At trial, after the state had rested, defendant's counsel announced that the defendant and other witnesses would testify that the defendant was not at the scene of the offense that he was alleged to have committed. The state objected to the introduction of any alibi testimony, because no notice of alibi was filed. The trial court sustained the objection and excluded all alibi testimony. The court of appeals held that the failure of the defendant's counsel to file the notice of alibi constituted ineffective assistance of counsel. The Ohio Supreme Court reversed the court of appeals, holding that the failure to file the notice of alibi was an intentional trial tactic. Id. at 101.
In the case at bar, Fleming's trial counsel admitted during the course of the discussion that he was aware of the requirements of Crim.R. 12.1 but that he believed that the testimony was offered to impeach the state's witnesses, rather than present an alibi. Counsel's actions were not inadvertent, but constituted calculated, debatable trial strategy. As did the Ohio Supreme Court in Smith, we conclude that the failure of Fleming's trial counsel to file a notice of alibi did not constitute ineffective assistance of counsel. The third assignment of error is overruled.
 III.
Fleming's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER FOR THE COURT
BAIRD, P. J.
SLABY, J.
CONCUR